UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    **CASE NO. 3:14-CR-62-CRS-CHL**

DAVID L. SLACK,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant David L. Slack ("Slack") was indicted on charges of knowingly attempting to transport child pornography and possessing child pornography. This case is before the Court on DN 22, Slack's motion for release from detention pending sentencing, and DN 31, in which Slack both moves the Court to allow him to supplement DN 22 and provides a supplement thereto. On March 2, 2015, the United States filed a response (DN 33) (the "Response") to both motions. Slack has not filed a reply. DN 22 and DN 31 (collectively the "Motion for Pre-Sentencing Release") are now ripe for review.[1] For the following reasons, Slack's original motion for pre-sentencing release, DN 22, is DENIED. Slack's subsequent motion, DN 31, is GRANTED IN PART and DENIED IN PART.[2]

## Background

On or about June 19, 2014, Slack executed a waiver of detention hearing and reserved the right to move for a detention hearing at a later date. (DN 10.) The Court remanded Slack to the

---

[1]     The Motion for Pre-Sentencing Release (DN 22, 31) has been referred to the undersigned United States Magistrate Judge for resolution. (DN 34.)

[2]     DN 31 is granted to the extent that it seeks leave of Court to amend the original motion. (DN 22.) DN 31 is denied to the extent that it seeks pre-sentencing release of Slack.

custody of the United States Marshal.  (DN 6.)  Slack remains in custody today.  On December

30, 2014, Slack filed his original motion for release from detention prior to sentencing.  (DN 22.)

On or about January 6, 2015, Slack entered into a plea agreement ("Plea Agreement")

(DN 23) with the United States pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal

Procedure, changing his plea from Not Guilty to Guilty as to Count 1, attempted transportation

of child pornography in violation of 18 U.S.C. § 2252A(a)(1), and Count 2, possession of child

pornography in violation of 18 U.S.C. § 2252A(b)(2).  (*See* DN 23, 25.)  Slack agreed to a

sentence of 189 months' imprisonment, a life term of supervised release, and forfeiture of any

property used or intended to be used to commit or promote commission of the offenses for which

he pleaded guilty, among other terms.  (DN 23.)

The Court set a date of March 31, 2015 for sentencing.  (DN 25.)  The Court further

ordered the original motion for release pending sentencing (DN 22) held in abeyance.  (DN 25.)

The Court noted that Slack's counsel indicated that Slack may supplement DN 22 or refile it with

additional information, and ordered that if Slack had not supplemented or refiled the motion by

the date of sentencing, the motion would be considered withdrawn and moot.  (DN 25.)  On

February 11, 2015, Slack filed a motion seeking permission to supplement, and supplementing,

DN 22.  (DN 31.)  On March 2, 2015, the United States filed the Response.  (DN 33.)

## DISCUSSION

### A.    Legal Standard

Pursuant to the Bail Reform Act, when a person has been found guilty of an offense and

is awaiting imposition or execution of a sentence, the Court[3] orders detainment of such person

---

[3]      The Bail Reform Act, including 18 U.S.C. § 3143, refers to the actions that a "judicial officer" may take.  A
United States Magistrate Judge is a "judicial officer" for purposes of the Bail Reform Act.  *See* 18 U.S.C. §

2

unless the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community . . . ." 18 U.S.C. § 3143(a)(1). Pursuant to 18 U.S.C. § 3143(a)(2), a more stringent standard applies when a person has been found guilty of an offense described in 18 U.S.C. § 3142(f)(1)(A), (B), or (C) and is awaiting imposition or execution of a sentence therefor. *See* 18 U.S.C. § 3143(a)(2). Under such circumstances, detention pending sentencing is *mandated* unless:

> (A)   (i) the [Court] finds that there is a substantial likelihood that a motion for acquittal or new trial will be granted; *or*
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; *and*
>
> (B) the [Court] finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. §3143(a)(2)(A)-(B) (emphasis added).

The standard set forth in Section 3143(a)(2) applies here if the charges to which Slack pleaded guilty are "offense[s] . . . described in" Section 3142(f)(1)(A), (B), or (C). Slack pleaded guilty to violating 18 U.S.C. § 2252A(a)(1), attempted transportation of child pornography, and 18 U.S.C. § 2252A(b)(2), possession of child pornography. (*See* Plea Agreement, DN 23.) The charges to which Slack pleaded guilty are "crimes of violence" for purposes of Section 3142(f)(1)(A). *See* 18 U.S.C. § 3156(a)(4)(C) (defining a "crime of

---

3156(a)(1) (defining "judicial officer," for purposes of 18 U.S.C. §§ 3141-3150, as "unless otherwise indicated, any person or court authorized pursuant to [Section 3041], or the Federal Rules of Criminal Procedure, to detain or release a person before trial or sentencing pending appeal in a court of the United States"); 18 U.S.C. § 3041 (stating that a United States Magistrate Judge, among others, has authority to take action pursuant to the Bail Reform Act). In the instant Memorandum Opinion and Order, the term "Court" is used rather than "judicial officer" in the interest of clarity. "Court," as used herein, shall have the same meaning as "judicial officer" as used in the Bail Reform Act.

violence" as, among other things, "any felony under chapter . . . 110 [18 U.S.C. § 2251, *et seq.*]").

Because the charges to which Slack pleaded guilty are crimes of violence falling within the scope of Section 3142(f)(1), in t analysis of Slack's Motion for Pre-Sentencing Release, the Court must apply the stringent Section 3143(a)(2) standard rather than the more lenient Section 3143(a)(1) standard.  (DN 22, 31.)

**B.    Analysis**

**1. Slack Fails to Satisfy Stringent Requirements of 18 U.S.C. § 3143(a)(2)**

Based on his position in the Motion for Pre-Sentencing Release, Slack appears to believe that the less demanding Section 3143(a)(1) standard applies, rather than Section 3143(a)(2).  (*See* DN 31, p. 2 (quoting the 18 U.S.C. § 3143(a)(1) "clear and convincing evidence" standard).) Slack suggests that his release pending sentencing would meet "the goals of reasonably assuring the appearance of the Defendant as required and the safety of others in the community" (DN 31, p. 2) if the Court were to impose the conditions listed below:

1.    Slack's adult son would assume supervision of Slack during the period of release and would report violations of any release conditions to the United States Probation Office.  Slack's son obtained an apartment in an area away from schools and public playgrounds.  Slack's son has been employed by UPS for two years.  (DN 31, p. 2 (citing 18 U.S.C. § 3142(c)(B)(i)).)[4]

2.    Slack would have no access to the internet.  (*Id.* at p. 2 (citing 18 U.S.C. § 3142(c)(B)(iv)).)

---

[4]    Section 3142(c) lists certain conditions that the Court, in its discretion, may impose if it determines that release on personal recognizance or unsecured appearance bond "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."  18 U.S.C. § 3142(b), (c)(1). Such conditions include, without limitation, those provided in the statutory provisions cited by Slack.  *See id.* at (c)(B)(i) (setting forth potential condition that a person "remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court . . ."); *id.* at (c)(B)(iv) (setting forth potential condition that a person "abide by specified restrictions on personal associations, place of abode, or travel").

4

    3.   Slack would not reside with any minor child, relative or nonrelative. (*Id.* (citing 18 U.S.C. § 3142(c)(B)(iv)).)

    4.   Slack would adhere to "all other reasonable conditions set out in 18 U.S.C. § 3142(c)(B)." (*Id.* at p. 3.)

Slack also asserts that he has no prior criminal history with the exception of two traffic charges in 2011. (DN 22, p. 2.)

In its Response (DN 33), the United States strongly opposes the presentencing release of Slack. The United States contends that the Motion for Pre-Sentencing Release (DN 22, 31) does not satisfy the legal requirements of Section 3143, governing release or detention of a defendant pending sentencing or appeal. (DN 33, p. 1.) The United States argues that Slack has demonstrated by his actions online that there is clear and convincing evidence that he is a danger to the community pursuant to 18 U.S.C. § 3143(a)(1) and would continue to pose a danger if he were released pending sentencing. (*Id.*)

The United States further argues that the Court need not even consider Section 3143(a)(1) because the more stringent standard found in Section 3143(a)(2) applies here, and Slack cannot satisfy it. The Court concurs with the government's conclusion and largely agrees with its reasoning.

Having determined above that Slack committed a crime of violence for purposes of the relevant statutory provisions, the Court must deny the Motion for Pre-Sentencing Release (DN 22, 31) and order that Slack's detention continue unabated unless it determines that he has satisfied the requirements of 18 U.S.C. § 3143(a)(2). Specifically, the Court *shall* order detention pending sentencing unless Slack meets the following standard:

    (A)    (i) the [Court] finds that there is a substantial likelihood that a motion for acquittal or new trial will be granted; *or*

5

> (ii) an attorney for the Government has recommended that
> no sentence of imprisonment be imposed on the person;
> *and*
>
> (B) the [Court] finds by clear and convincing evidence that the
> person is not likely to flee or pose a danger to any other person or
> the community.

*See* 18 U.S.C. § 3143(a)(2)(A)-(B) (emphasis added).   Both subsections, 18 U.S.C. § 3143(a)(2)(A) and (B), must be satisfied.

As a matter of law, Slack fails to satisfy subsection (A).  First, he pleaded guilty to Counts I and II, so he cannot satisfy the first prong, subsection (A)(i), by demonstrating a "substantial likelihood" that a later motion for acquittal or new trial would be granted.  *See* 18 U.S.C. § 3143(a)(2)(A(i).   By entering into the Plea Agreement, Slack "knowingly and voluntarily waive[d] his right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and resulting sentence under 28 U.S.C. § 2255 or otherwise," "[u]nless based on claims of ineffective assistance of counsel or prosecutorial misconduct."  (DN 23, p. 10, ¶ 12.) Second, the very existence of the Plea Agreement demonstrates that Slack also cannot satisfy the second prong, subsection (A)(ii), which requires that an attorney for the United States recommend that no sentence of imprisonment be imposed.  *See* 18 U.S.C. § 3143(a)(2)(A(ii). Far from recommending against a sentence of imprisonment, the United States has entered into an agreement with Slack requiring that Slack be imprisoned for a term of 189 months, among several other conditions.  (DN 23.)  For the foregoing reasons, Slack cannot satisfy either prong of Section 3143(a)(2)(A).

Because the Court has determined that Slack failed to meet the standard set forth in Section 3143(a)(2)(A), it need not address subsection (B), which would require a finding that

6

Slack does not pose a likelihood to flee or to be a danger to others or the community.  *See* 18 U.S.C. § 3143(a)(2)(B).  Based on the foregoing, Slack's Motion for Pre-Sentencing Release (DN 22, 31) fails as a matter of law, and Section 3143 mandates that he be detained pending sentencing.

### 2. No Exceptional Reasons Exist to Justify Release Under Section 3145(c)

Finally, in many cases, criminal defendants seeking release pending sentencing or appeal argue that even if continued detainment is required under Section 3143(a)(2), "exceptional reasons" exist that would support conditional release pursuant to Section 3145(c).  *See* 18 U.S.C. § 3145(c) ("A person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1) . . . may be ordered released, under appropriate conditions, by the [Court], if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate").  Slack does not raise Section 3145(c) in support of his release, but the Court will address it briefly out of an abundance of caution.

Slack does not present to the Court any exceptional reason for his release pursuant to Section 3145(c).  While "exceptional reason" is not defined in the statute, it is "clear from the context of the plain language . . . that the relief under § 3145(c) is a limited exception to the general requirement of mandatory detention for persons [like Slack] convicted of offenses referenced in § 3143(a)(2)."  *United States v. Christman*, 712 F. Supp. 2d 651, 653 (E.D. Ky. 2010).  Before determining whether any "exceptional reasons" exist, Section 3415(c) first requires that Slack satisfy Section 3143(a)(1).  *See* 18 U.S.C. § 3145(c) ("A person . . . who meets the conditions of release set forth in section 313(a)(1) . . . ."); *See* 18 U.S.C. § 3143(a)(1) (stating that a defendant must demonstrate "by clear and convincing evidence that he is not likely

7

to flee or pose a danger to the safety of any other person or the community if released"); *Christman*, 712 F. Supp. 2d at 654 (setting out the standard for Section 3145(c) analysis).

Again, Slack has not specifically raised Section 3145(c) as a basis for relief.  He merely requests that the Court release him pending sentencing and represents that he would live with his adult son and refrain from internet use and contact with minors.  (DN 31, pp. 2-3.)  This argument it simply insufficient to establish, by clear and convincing evidence, that Slack does not pose a danger to the community, let alone that exceptional reasons exist that would justify release.  The mere fact that Slack has agreed to forfeit the equipment he used to commit the crimes to which he pleaded guilty does not mean that he would not be able to access the internet if released.  (*See* DN 23, ¶ 4, pp. 4-5 (enumerating property that Slack may be ordered to forfeit).)  Indeed, Slack represents that his would-be supervisor, his adult son, is employed by UPS, so Slack would necessarily not have constant supervision.  (*See* DN 31, p. 2.)

Moreover, "even where there is solid assurance that the defendant will return for sentencing and will do no harm during the interim, § 3145(c) will provide infrequent relief." *Christman*, 712 F. Supp. 2d at 654.  The relationship between Section 3145(c) and the mandatory detention requirements of Section 3143(a)(2) shows that, "at a minimum, exceptional reasons entail a showing that detaining the defendant through sentencing works a particular injustice." *Id.*  As the government points out, Slack has not brought to the Court's attention *any* circumstances that would justify release pursuant to Section 3145(c).  It would appear that Slack merely desires to spend some time out of incarceration prior to sentencing.  The Court recognizes this desire but concludes that it is far from sufficient to satisfy Section 3145(c)'s exacting requirement of exceptional reasons justifying pre-sentencing release.  *Compare Christman*, 712

8

F. Supp. 2d at 655-56 (concluding no exceptional circumstances justified release despite defendant demonstrating a "sincere commitment to turning his life around" by taking on responsibility for support and care of his young child, enrolling in college courses, and cooperating with the government), *and United States v. Gross*, 2015 U.S. Dist. LEXIS 25421, *7-8 (E.D. Tenn. 2015) (permitting release pending sentencing, subject to numerous conditions, based on exceptional circumstances surrounding defendant's terminal cancer and difficulty of treatment while incarcerated, as well as lack of flight risk or danger to community posed by defendant).

In short, Slack has not met the exacting standard imposed by Section 3145(c). There are no exceptional circumstances that would justify his release pending sentencing.

### CONCLUSION

Pursuant to the Bail Reform Act, the Court must order the continued detention of Defendant Slack pending sentencing unless Slack can meet the stringent standard of 18 U.S.C. § 3143(a)(2). Slack fails to satisfy either Section 3143(a)(2) or to proffer any "exceptional reasons" that would support release pursuant to Section 3145(c). Accordingly, Slack's Motion for Pre-Sentencing Release (DN 22, 31) fails as a matter of law and his detention shall continue pending sentencing.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Slack's original motion for pre-sentencing release (DN 22) is DENIED. Slack's subsequent motion (DN 31) is GRANTED IN PART AND DENIED IN PART. DN 31 is GRANTED to the extent that it seeks leave to amend or supplement DN 22.

DN 31 is DENIED to the extent that it seeks pre-sentencing release of Slack.  The sentencing hearing shall proceed as scheduled on March 31, 2015 or as otherwise ordered by the Court.


cc:  Counsel of record